O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| KEISHA D. TONEY, | ) | Case No. CV 11-4701-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Keisha D. Toney ("Plaintiff") seeks review of the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on June 19, 1971. (Administrative Record ("AR") at 31, 103). She has a college degree and relevant work experience as a

telemarketer and social worker. (AR at 31-32).

In September 2008, Plaintiff filed applications for DIB and SSI, alleging that she has been disabled since October 1, 2007, due to seizures and migraine headaches. (AR at 103-09). The Social Security Administration denied Plaintiff's applications initially and on reconsideration. (AR at 49-52, 54-58).

An administrative hearing was held before an Administrative Law Judge ("the ALJ") on February 2, 2010. (AR at 27-40). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 29-39). On March 23, 2010, the ALJ issued a decision finding that Plaintiff was able to perform her past relevant work and, therefore, was not disabled. (AR at 15-21). Specifically, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date of disability (step 1); (2) suffered from severe impairments of a history of seizure disorder and migraine headaches (step 2); (3) did not have any impairments that met or equaled the criteria of a listed impairment (step 3); (4) had a residual functional capacity ("RFC") to perform the full range of work at all exertional levels, except work involving exposure to hazards; and (5) was able to perform her past relevant work as a telemarketer and social worker (step 4). (AR at 17-20). Therefore, the ALJ concluded that Plaintiff was not under a disability from her alleged onset date through the date of the decision. (AR at 21).

On March 31, 2011, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR at 1-3).

Plaintiff commenced this action for judicial review on June 9, 2011. The parties filed a Joint Stipulation outlining disputed factual and legal issues on December 20, 2011. Plaintiff contends that the ALJ: (1) erred in assessing Plaintiff's RFC, by failing to include

nonexertional limitations associated with migraine headaches; (2) improperly rejected the opinion of Plaintiff's treating physician, Jose Veliz, M.D.; and (3) improperly rejected Plaintiff's subjective symptom testimony. (Joint Stipulation at 5-8, 13-19, 23-26, 31-33). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further proceedings. (Joint Stipulation at 33). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 34). The Joint Stipulation has been taken under submission without oral argument.

**II.   Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its

judgment" for that of the Commissioner. *Id.* at 720-721.

### III. Discussion

Plaintiff contends that the ALJ erred in assessing her RFC by failing to account for limitations in her ability to work caused by her migraine headaches and side effects from medication. (Joint Stipulation at 5-8, 13-15).

A claimant's RFC is an assessment of what the claimant can do despite her physical, mental and other limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). In assessing RFC, the ALJ must discuss the individual's ability to perform sustained work in an ordinary work setting on a regular and continuing basis and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Social Security Ruling 96-8p.

The ALJ found that Plaintiff's migraine headaches and history of seizure disorder could reasonably be expected to cause symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent alleged. (AR at 19). The ALJ concluded that Plaintiff had an an RFC to perform work at all exertional levels, except for work involving "exposure to hazards." (AR at 18). Plaintiff contends that her severe migraine headaches incapacitates her for several days at a time and her symptoms impair her ability to work. (Joint Stipulation at 6). In essence, Plaintiff challenges the ALJ's RFC assessment based on her subjective pain symptoms.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce

the pain or other symptoms alleged. *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991); *see also Reddick*, 157 F.3d at 722; *Smolen v. Chater*, 80 F.3d 1273, 1281–82 & n. 2 (9th Cir. 1996). The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. *Reddick*, 157 F.3d at 722; *Bunnell*, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." *Bunnell*, 947 F.2d at 345. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1283–84; *see also Reddick*, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. *Reddick*, 157 F.3d at 722; *Smolen*, 80 F.3d at 1284. Here, the ALJ did not make any finding of malingering. Therefore, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. *Smolen*, 80 F.3d at 1283–84. Here, the ALJ failed to state adequate reasons for rejecting Plaintiff's subjective symptom testimony.

First, the ALJ found that there was no objective medical evidence establishing that Plaintiff's pain and other symptoms resulted in any functional limitations to justify greater restrictions than those assessed in the RFC. (AR at 19; Joint Stipulation at 11-12). In particular, the ALJ noted that "no treating or examining source determined that the claimant's impairments were totally debilitating or rendered the claimant completely unemployable." (AR at 20). However, a claimant's testimony may not be discredited on the severity of her symptoms merely because that testimony is unsupported by objective

medical evidence. *Reddick*, 159 F.3d at 722; *Bunnell*, 947 F.2d at 343, 345. Moreover, "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." *Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir. 2004).

The medical professionals agreed, and the ALJ found, that Plaintiff suffers from migraine headaches. Their opinions are medical evidence of an impairment that reasonably could be expected to produce Plaintiff's symptoms. Further, the record supports Plaintiff's contention that she suffers from persistent migraine headaches that are not well controlled by medication. Plaintiff began experiencing migraine headaches and seizures as a teenager. (AR at 292). When Plaintiff was 14 years old, she underwent a craniotomy for removal of a brain abscess in the left frontal region of her brain. (AR at 292, 273). Medication helped to control Plaintiff's seizures. (AR at 282, 284, 286, 288, 290). Plaintiff's migraine headaches, however, became more frequent and severe when she reached her 30s. (AR at 272-73, 278, 280, 290, 292, 295, 298, 300, 302-325). Often, Plaintiff's headaches were associated with nausea, photophobia, phonophobia, blurred vision, and occasional vomiting. (AR at 292, 295, 308, 312).

The record also contains opinions from Plaintiff's treating physicians that Plaintiff was disabled. In October 2007, one of Plaintiff's treating physicians, Vong Huynh, M.D., reported that Plaintiff's daily migraine headaches were so difficult to treat that Plaintiff had reached the point where she was "unable to function and work again." (AR at 229). Two years later, in October 2009, Plaintiff's pain specialist, Jose Veliz, M.D., opined that Plaintiff was likely to be absent from work more than four times a month due to headaches. (AR at 432-33). Although the ALJ stated reasons for discounting Dr. Veliz's

opinion, the ALJ did not discuss Dr. Huynh's opinion of disability. (AR at 20). While Dr. Huynh's opinion was not conclusive on the ultimate issue of disability, *see Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), the ALJ was required to "explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Next, the ALJ found that there had been "no significant increase or changes in prescribed medication reflective of an uncontrolled condition," and Plaintiff did not complain that she suffered from "side effects from medication that would prevent her from substantial gainful activity." (AR at 19). These findings are not supported by the record, which shows that Plaintiff's doctors frequently changed her medications and the dosages. Plaintiff's medications included Topomax, Fiorinal, Gabapentin, Lorcet, Namenda, Treximet, Amerge, and Neurontin. (AR at 330, 407, 411, 423-27, 516, 525, 587). When Plaintiff's symptoms persisted, her doctors prescribed various medical procedures, including chemodenervation with Botox, morphine injections, spinal tap, trigger point injections with Lidocaine, and stellate ganglion blocks. (AR at 330, 419, 514, 516, 588).

The ALJ further found that Plaintiff's symptoms improved after receiving Botox injections in March 2008. (AR at 19, 330). The effectiveness of pain medication is a relevant factor to consider in assessing credibility. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam). In Plaintiff's case, however, the record shows that the benefits from Botox injections were temporary. Initially, Plaintiff reported that the frequency and intensity of her headaches decreased after receiving the Botox injections. (AR at 336). By August 2008, however, Plaintiff reported suffering from headaches associated with an

exploding sensation and retro-orbital pressure, as often as four days a week. (AR at 336-38). In October 2008, Plaintiff's physician opined that, in retrospect, Botox did not help control Plaintiff's headaches. (AR at 413).

The ALJ also found that the evidence suggested that Plaintiff was able "to care for herself and maintain her home." (AR at 19-20). In general, a claimant's daily activities such as, taking care of herself, performing household tasks, attending school, and participating in hobbies, therapy, clubs, and social programs, are not considered substantial gainful activities. *See* 20 C.F.R. §§ 404.1572(c), 416.972(c). A claimant's daily activities may not be relied upon to support an adverse credibility determination unless the ALJ makes an explicit finding to the effect that the claimant's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). The ALJ made no such finding here. Thus, Plaintiff's daily activities do not detract from her credibility as to the intensity, persistence, and limiting effects of the pain from which she suffers.

Finally, the ALJ gave "significant weight" to the opinions of two non-examining State agency medical consultants, who reviewed the medical evidence contained in the record through November 2008, and provided the RFC adopted by the ALJ. (AR at 20, 354-58, 369-71). The State agency physicians, however, did not have an opportunity to review medical records post-November 2008, or have an opportunity to evaluate the effects of more recent medical procedures that Plaintiff underwent for pain, including stellate ganglion blocks and trigger point injections. (AR at 423-27, 588). These opinions, therefore, shed little light on the

credibility of Plaintiff's testimony about her symptoms.

In sum, the ALJ's assessment of Plaintiff's RFC and consideration of Plaintiff's subjective symptom testimony is not supported by substantial evidence.

**IV.  Conclusion**

When there exists error in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (citations and quotations omitted); *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). Remand for further proceedings is appropriate "if enhancement of the record would be useful." *Benecke*, 379 F.3d at 593 (9th Cir. 2004); see *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (explaining that "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings").

Here, the record is not adequately developed with respect to Plaintiff's RFC. Under these circumstances, the Court concludes that there are outstanding issues that must be resolved before a determination of disability can be made. *Harman*, 211 F.3d at 1178.[1]

//

---

[1]  Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.

Accordingly, it is ordered that this action be **REMANDED** for further proceedings consistent with this Memorandum Opinion.

DATED: January 3, 2012

_____
MARC L. GOLDMAN
United States Magistrate Judge